UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LORRAINE SAINT PIERRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00157-GZS |
| | ) | |
| NFG HOUSING PARTNERSHIP, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

Plaintiff asks this Court to review a state court decision in a forcible entry and detainer action. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees and costs, which motion the Court granted. (Motion, ECF No. 2; Order, ECF No. 5.) In accordance with the statute that governs claims in which a party is relieved of the obligation to pay the filing fee, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

**DISCUSSION**

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding under the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails

to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). Here, Plaintiff characterizes her claim as an "appeal" of a state court decision or decisions and attaches multiple pleadings and orders from the state court. Through her filings, Plaintiff clearly

challenges the validity of decisions of the state court and the consequences of the decisions. To grant Plaintiff the relief she seeks, the Court would have to vacate or invalidate a state court judgment. Plaintiff is precluded by the *Rooker-Feldman* doctrine from pursuing such relief in this Court.

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 26th day of May, 2022.